UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL H. BRENT,

      Plaintiff,                      CIVIL ACTION NO. 11-10724

vs.

                                    DISTRICT JUDGE JULIAN ABELE COOK

WAYNE COUNTY DEPARTMENT    MAGISTRATE JUDGE MONA K. MAJZOUB
OF HUMAN SERVICES, et al.,

      Defendants.
_____/

### ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 89)

This matter comes before the Court on Plaintiff's Motion to Compel Defendant Methodist Children's Home to Produce Documents. (Docket no. 89). Defendant Methodist Children's Home Society filed a response. (Docket no. 97). Plaintiff filed a reply. (Docket no. 100). The parties filed a Joint Statement of Resolved and Unresolved Issues which was later amended. (Docket nos. 104, 105). The motion was referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 95). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The matter is fully briefed and the motion is ready for ruling.

Plaintiff Nathaniel Brent filed this 42 U.S.C. § 1983 action against Defendant Methodist Children's Home and others seeking damages, injunctive, and declaratory relief related to a state investigation and temporary removal of the Brent children from the family home. On June 22, 2011 Plaintiff served Defendant Methodist Children's Home with his First Request for Production of Documents. (Docket no. 89, ex. 1). On August 5, 2011, after Defendant allegedly failed to respond

1

to the discovery requests, Plaintiff contacted Defendant and left a message urging Defendant to immediately produce the requested documents. (Docket no. 89 at p. 1). Plaintiff maintains that defense counsel returned his call and left a phone message, stating that Defendant would provide the requested documents but would not set a date for production. (Docket no. 89 at p. 1). Defendant maintains that they informed Plaintiff's wife that the requested documents were forthcoming and would be produced as soon as counsel received them. (Docket no. 97 at p. 1). In any event, Plaintiff filed the instant Motion to Compel on August 19, 2011. Defendant Methodist Children's Home Society served its written responses and objections to Plaintiff on August 23, 2011. (Docket no. 97, ex. A). The Amended Joint Statement reveals that the parties have been unable to resolve their dispute with regard to Requests for Production nos. 3-10. (Docket no. 105).

Plaintiff maintains that the Court should order Defendant to produce documents responsive to Requests nos. 3-10 because Defendant waived its objections to the discovery requests by failing to respond within the thirty days provided by Federal Rule of Civil Procedure 34. While it is true that Defendant's responses were untimely, the Court will exercise its discretion to compel discovery only if proper requests were made under Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents in the possession, custody, or control of a party, provided that the requested documents fall "within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Rule 26(b), in turn, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).

Document Requests nos. 3, 5, 6, 9, and 10 ask for information about facility inspections and licensing applications, including environmental inspections and lead hazard testing, documents

related to an individual breaking his legs in 2010, documentation of the facility's use of pesticides and fertilizers, complaints of alcohol or drug use on facility grounds, and investigations into resident on resident violence or criminal activity. The Court has examined the pleadings and finds that the requests are not relevant to the specific claims or defenses asserted in this case nor are they reasonably calculated to lead to the discovery of admissible evidence. The Court will therefore deny Plaintiff's Motion to Compel as to Requests for Production nos. 3, 5, 6, 9, and 10.

Document Request no. 4 asks for all documentation regarding complaints made against the facility and/or its employees. The request is overly broad as written and not limited to relevant documents, asking for "all" documents regarding any complaints made against the facility and its employees during an unspecified period of time. Defendant states that it produced documentation pertaining to Plaintiff's complaint against it and the outcome of that investigation. Defendant also states that it produced the entire file for each of Plaintiff's children and all documents in its possession relating to the Brent children. Defendant's response to this request is satisfactory. The Court will deny Plaintiff's Motion to Compel as to Request for Production no. 4.

Document Request no. 7 requests all documented training and certifications of the facility medical staff. As indicated above in response to Request no. 4, Request no. 7 is overly broad as written and not limited to relevant documents, asking for "all" documented training and certifications of facility medical staff during an undefined period of time. Nevertheless, Defendant has agreed to produce certifications of Mary Ann Stokes, the registered nurse who treated one of Plaintiff's children. Since Defendant has not stated that it has already produced Stokes' certifications, the Court will grant in part Plaintiff's motion as to this request and will order Defendant to produce documents pertaining to Stokes' medical training and certifications by

3

October 10, 2011.

Document Request no. 8 asks for attendance logs for the facility medical doctor between April 1, 2010 - June 6, 2010. Defendant asserts that it does not maintain an attendance log for its medical doctor, therefore it does not have documents responsive to this request. The Court will deny Plaintiff's motion as to this request.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendant Methodist Children's Home to Produce Documents (docket no. 89) is **GRANTED IN PART**. On or before October 10, 2011 Defendant Methodist Children's Home Society must produce documents pertaining to the medical training and certification of Mary Ann Stokes in response to Request for Production no. 7. In all other respects Plaintiff's motion is denied.

**IT IS FURTHER ORDERED** that Plaintiff's request for costs associated with filing this motion is denied. Fed. R. Civ. P. 37(a)(5)(C).

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 29, 2011            s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Nathaniel Brent and Counsel of Record on this date.

Dated: September 29, 2011            s/ Lisa C. Bartlett

Case Manager