UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL BRENT,

       Plaintiff,                      CIVIL ACTION NO. 11-CV-10724

vs.

                                     DISTRICT JUDGE JULIAN ABELE COOK

WAYNE COUNTY DEPARTMENT     MAGISTRATE JUDGE MONA K. MAJZOUB
OF HUMAN SERVICES, et al.,

       Defendants.
_____/

### ORDER GRANTING DEFENDANT DETROIT POLICE DEPARTMENT'S MOTION TO STRIKE DEFAULT (DOCKET NO. 142)

This matter is before the Court on Defendant Detroit Police Department's Motion to Strike Default. (Docket no. 142). Plaintiff filed a response. (Docket no. 144). The motion has been referred to the undersigned for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 145). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

Plaintiff filed the instant civil rights complaint on February 22, 2011. He filed a first amended complaint on December 7, 2011. (Docket no. 114). On January 10, 2012 Plaintiff filed a Return of Service showing that his process server, Victoria Brent, personally served a copy of the amended complaint and summons on Michael Bronson at the Detroit Police Department Southwest District located at 4700 West Fort Street in Detroit, Michigan. (Docket no. 130). Defendant Bronson's answer to the amended complaint was due by January 31, 2012. Fed. R. Civ. P. 12(a)(1)(A)(i).

1

On February 29, 2012, on motion by Plaintiff and after Defendant Bronson failed to plead or otherwise defend against the amended complaint, the clerk entered a default against Michael Bronson.  (Docket no. 138).  Because Defendant Bronson is sued in his individual and official capacities, Defendant Detroit Police Department filed the instant motion to strike the default. (Docket no. 142). Defendant Detroit Police Department argues in its motion that it does not employ an officer by the name of Michael Bronson or Michael Brinson.  (Docket no. 142).

As a preliminary matter, Eastern District of Michigan Local Rule 7.1(a) requires a movant to seek concurrence from the opposing party prior to filing a motion and state in the motion whether or not the parties conferred about the motion.  "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District."  *United States v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. March 26, 2009).  Defendant's motion fails to state that they sought concurrence from Plaintiff prior to filing their motion.  Defendant is cautioned that future filings must conform with all applicable local and federal rules.

Rule 55(c), Fed. R. Civ. P., permits a court to set aside an entry of default for good cause. When considering a motion to set aside entry of default , the court should consider whether: (1) the default was willful; (2) the plaintiff will be prejudiced by setting aside the judgment; and (3) the defendant presented a meritorious defense following the default.  *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983).

Defendant Police Department asserts that it does not employ an officer by the name of Brinson or Bronson.  It's unclear then who accepted service of the amended complaint and summons.  Plaintiff has served discovery requests on at least one other named Detroit Police Officer in connection with this lawsuit.  According to Defendant's answers to Plaintiff's interrogatories to

Officer Biogradlija, an officer by the name of Michael Bridson was present at Plaintiff's home during the events leading up to Plaintiff's complaint. (Docket no. 144, ex. 3). Given the confusion surrounding service of Plaintiff's amended complaint, and considering the fact that the default was not willful and Plaintiff will not be prejudiced if the default entered against Officer Bronson is set aside, the Court finds good cause to set aside the default against Michael Bronson. At the same time, the Court finds good cause under Federal Rule of Civil Procedure 4(m) to grant Plaintiff a permissive extension of time for serving a copy of the amended complaint and summons on Officer Michael Bridson. Accordingly, Defendant's motion will be granted.

**IT IS THEREFORE ORDERED** that Defendant Detroit Police Department's Motion to Strike Default (docket no. 142) is **GRANTED** and the default against Defendant Bronson is set aside.

**IT IS FURTHER ORDERED** that Plaintiff must serve a copy of the amended complaint and summons on Officer Michael Bridson on or before October 8, 2012 and file proof of service with the Court in accordance with Federal Rule of Civil Procedure 4.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 10, 2012            s/ Mona K. Majzoub
                                                      MONA K. MAJZOUB
                                                      UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

    I hereby certify that a copy of this Order was served upon Nathaniel Brent and Counsel of Record on this date.

Dated: September 10, 2012       s/ Lisa C. Bartlett
                                         Case Manager