# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Nathaniel Brent and Robert Brent,

              Plaintiffs,      Case No. 11-cv-10724

v.                                    Judith E. Levy
                                    United States District Judge
Wayne County DHS *et al.*,

              Defendants.

_____/

## OPINION AND ORDER GRANTING STATE DEFENDANTS' MOTION FOR RELIEF [268] AND DENYING AS MOOT PLAINTIFFS' SECOND MOTION TO ALTER JUDGMENT [267]

Before the Court are plaintiffs' second motions to alter the judgment (Dkt. 267), and the State Defendants' motion for relief from the Court's prior orders denying them absolute immunity under state law without prejudice to raising the issue at the close of discovery. (Dkt. 267.)

For the reasons set forth below, the State Defendants' motion for relief is granted, and plaintiffs' motion is denied as moot.

**I.**    **Background**

This case has a remarkably complicated procedural history. On March 17, 2017, the Court granted in part and denied in part plaintiffs' motion for reconsideration. The Court granted the motion in part by denying the State Defendants absolute immunity without prejudice as to plaintiffs' intentional infliction of emotional distress and invasion of privacy claims. The Court denied the motion in part by not revisiting the order granting the City of Detroit Defendants qualified and statutory immunity against plaintiffs' claims. (Dkt. 261 at 2.) The Court also granted the State Defendants' motion for reconsideration and held that Shevonne Trice was entitled to statutory immunity against plaintiff Robert Brent's failure-to-report medical neglect claim. (*Id.* at 6–7.)

Plaintiffs then filed a motion to amend or alter the opinion, asking the Court to declare the opinion and order final for purposes of appeal. (Dkt. 262.) The Court granted the motion on the following issues: (1) plaintiffs may appeal the grant of qualified and statutory immunity to the City Defendants; (2) plaintiffs may appeal the grant of statutory immunity to State Defendant Shevonne Trice against Robert Brent's failure-to-report medical neglect claim. (Dkt. 264.) Because plaintiff

prevailed on the issue of whether to grant the State Defendants absolute immunity under state law—the Court denied immunity without prejudice—and because the issue had previously been appealed to the Sixth Circuit, the Court denied leave to appeal this issue. (*Id.* at 4 n.1.)

Plaintiffs have now filed a second motion to alter the judgment, arguing the Court erroneously applied the standard set forth in 28 U.S.C. § 1292, and created an improper "piecemeal" appeal. (Dkt. 267.) The State Defendants have also filed a motion for relief from the original order denying them absolute immunity (Dkt. 262), and order (Dkt. 264) denying the parties leave to appeal the issue. (Dkt. 268.)

**II. Legal Standard**

The State Defendants have filed a motion for relief, which the Court will treat as a motion for reconsideration. A motion for reconsideration should be granted "if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof." *In re Greektown Holdings, LLC*, 728 F.3d 567, 573–74 (6th Cir. 2013). "A palpable defect is one that is 'obvious, clear,

3

unmistakable, manifest, or plain.'" *Majchrzak v. Cty. of Wayne*, 838 F. Supp. 2d 586, 596 (E.D. Mich. 2011).

### III. Analysis

The State Defendants argue the Court erred in concluding its predecessor Court had denied them absolute immunity under *Martin v. Children's Aid Society*, 215 Mich. App. 88 (1996), and that the issue had been appealed. This Court previously denied them immunity without prejudice based on the November 15, 2012 order (Dkt. 163) issued by The Honorable Julian Abele Cook, Jr. But the State Defendants accurately conclude that the Court's predecessor reversed its 2012 decision in an August 31, 2014 order (Dkt. 199), which this Court and plaintiffs overlooked. Accordingly, because this Court independently reviewed the *Martin* doctrine and originally concluded the State Defendants were entitled to absolute immunity (Dkt. 261), and because this Court's predecessor came to this same conclusion in its 2014 order, the State Defendants' motion for reconsideration on this issue is granted.

4

Plaintiffs argue the Court should not grant the State Defendants' motion for three reasons: (1) lack of jurisdiction; (2) the motion is untimely; and (3) the State Defendants' argument on immunity is misleading. (Dkt. 269.) First, although Fed. R. Civ. P. 62.1 states that courts generally lose jurisdiction to grant motions for relief when the order is on appeal, a district court may grant the motion if "the motion raises a substantial issue." Here, the motion for reconsideration raises a substantial issue because, as set forth above, the Court erred in applying the law of the case and in denying the State Defendants absolute immunity. Second, a motion for reconsideration must be filed within fourteen days of the order at issue. E.D. Mich. L.R. 7.1. But the State Defendants seek relief from two orders, the last of which (Dkt. 264), was issued April 11, 2017. Thus, the 14-day period ended on April 25, 2017, four days after the State Defendants filed the motion, and the motion is therefore timely. Third, the State Defendants are not misleading the Court by directing its attention to the order in which Judge Cook granted them absolute immunity. (*See* Dkt. 199.) Plaintiffs' objections are therefore unavailing.

Because the State Defendants are entitled to absolute immunity against plaintiffs' intentional infliction of emotional distress and invasion of privacy claims, no claims remain in this case. This opinion and order closes the case, and a separate final judgment will be issued. Accordingly, plaintiffs' motion to alter the judgment is denied as moot.

## IV. Conclusion

For the reasons set forth above, the State Defendants' motion for relief is GRANTED. (Dkt. 268.) Plaintiffs' second motion to alter the judgment (Dkt. 267) is DENIED AS MOOT.

This opinion and order resolves all claims and closes the case. A separate final judgment will be entered on today's date.

IT IS SO ORDERED.

Dated: May 1, 2017　　　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 1, 2017.

　　　　　　　　　　　　　　　　　　s/Felicia M. Moses

FELICIA M. MOSES
Case Manager